UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MASJID AL-ARAPHA, INC.,

                                    Plaintiff,

                    v.

JPMORGAN CHASE BANK, N.A.,

                                    Defendant.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

21-CV-02153 (LDH)

LASHANN DEARCY HALL, United States District Judge:

Masjid Al-Arapha, Inc. ("Plaintiff") filed this action against JPMorgan Chase Bank, N.A.

("Defendant") pursuant to 15 U.S.C. § 1693 and N.Y. U.C.C. § 4-A.  For the reasons discussed

below, the complaint is dismissed without prejudice for failure to prosecute.

## BACKGROUND[1]

Plaintiff commenced the instant action on March 15, 2020, in the Supreme Court of the

State of New York, County of Queens.  (Not. of Removal, ECF No. 1.)  The case was removed

to this Court on April 19, 2021.  (*Id.*)  Plaintiff alleges that a data breach resulting from

Defendant's negligence caused Plaintiff to lose $43,699.64 through a series of unauthorized

transactions.  (Compl. ¶ 4, ECF No. 1-1.)

Defendant requested a pre-motion conference seeking leave to file a motion to dismiss

the complaint on April 26, 2021.  (*See* Def.'s Pre-Mot. Conference Request, ECF No. 7.)  By

order dated May 12, 2021, Plaintiff was directed to file a response to Defendant's request on or

---

[1] The following facts are derived from the complaint and are assumed to be true for the purpose of this
memorandum and order.  The Court refers to the page numbers assigned by the court's ECF system.

before May 26, 2021.  Plaintiff failed to file a response.  By order dated June 11, 2021, Plaintiff

was again directed to file a response on or before June 15, 2021, and was warned that a failure to

do so may result in dismissal of the case for failure to prosecute.  In the same order, Plaintiff's

counsel who appeared in the state court proceeding prior to remand was directed to file a notice

of appearance on or before June 15, 2021.  Plaintiff failed to respond to the Court's order.  One

year later, on June 24, 2022, the Court issued an order to show cause as to why the complaint

should not be dismissed for failure to prosecute.  Plaintiff again failed to respond.  Indeed,

Plaintiff has not filed anything on the docket since the case was removed in April 2021.

## DISCUSSION

A district judge may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b)

if "the plaintiff fails to prosecute or to comply with [the] rules or a court order[.]"  Fed. R. Civ.

P. 41(b).  The prudent application of this rule is "'vital to the efficient administration of judicial

affairs and provides meaningful access for other prospective litigants to overcrowded courts.'"

*Manshul Const. Corp. v. Int'l Fid. Ins. Co*., 182 F.3d 900, 900, 1999 WL 461756, at \*2 (2d Cir.

1999) (unpublished table opinion) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42

(2d Cir. 1982)) (dismissing *sua sponte* with prejudice).  Notwithstanding its benefits, disposal of

cases for want of prosecution is "'a harsh remedy to be utilized only in extreme situations.'"

*LeSane v. Hall's Sec. Analyst, Inc*., 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v.

Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)).  Thus, as a procedural

safeguard, district courts must balance five factors, none of which are dispositive, when

determining the propriety of dismissal for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2)
> whether [the] plaintiff was on notice that failure to comply would result in

2

> dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas*, 84 F.3d at 535. That said, the latitude afforded to unrepresented parties does not exempt them from diligently prosecuting their cases; pro se litigants are still "required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat'l Lab'y.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order) (affirming dismissal for failure to prosecute where pro se litigant did not respond to discovery for three months).

Dismissal is proper here. *First,* more than a year has lapsed since Plaintiff was first directed to respond to Defendant's request for a pre-motion conference. While there is no bright-line rule, the Second Circuit has found shorter periods of inaction sufficient to warrant dismissal. *See, e.g.*, *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666–68 (2d Cir. 1980) (affirming the district court's decision that a six-month delay sufficed for dismissal for failure to prosecute); *Ruzsa v. Rubenstein & Sendy Att'ys at L.*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (characterizing a delay of nearly eight months as a "delay of significant duration" warrants dismissal for failure to prosecute (citing *Drake*, 375 F.3d at 254)); *Lyell Theatre Corp.*, 682 F.2d

3

at 42–43 (noting that delays that are "merely a matter of months" may support dismissal). Without question, a more than one-year delay is sufficient.

*Second*, Plaintiff has been given three clear notices that failure to comply with the Court's directives would result in dismissal for failure to prosecute.  On May 12, 2021, Plaintiff was directed to file a response to Defendant's request for a pre-motion conference regarding its anticipated motion to dismiss by May 26, 2021.  Plaintiff failed to respond.  Then, on June 11, 2021, Plaintiff was again ordered to file a response and was warned that failure to do so may result in dismissal for failure to prosecute.  Still, Plaintiff did not respond.  Again, on June 24, 2022, the Court issued an order to show cause, asking Plaintiff to explain why its complaint should not be dismissed for failure to prosecute.  Plaintiff failed to respond.  These notices are sufficient to support dismissal here.  *See, e.g.*, *Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (finding sufficient notice of dismissal where the "record reveals that [plaintiff] received at least two notices that her action could be dismissed for a failure to prosecute").

*Third*, any further delay would prejudice Defendant.  Whether a defendant has been prejudiced "turns on the degree to which the delay was lengthy and inexcusable."  *Drake*, 375 F.3d at 256.  This case has been pending for more than a year, during which time Defendant has urged the Court multiple times to dismiss the complaint.  (*See* ECF Nos. 7, 8, 9.)  The Second Circuit has approved of the application of a presumption of prejudice where a plaintiff fails to respond to a court order for shorter periods of time.  *See, e.g.*, *Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) (affirming dismissal where Plaintiff caused a delay of nearly six months).  As such, Defendants are presumed to be prejudiced.  *See Wade v. Nassau Cnty.*, 674 F.

App'x 96, 97–98 (2d Cir. 2017) (affirming dismissal where "the defendants [ ] had actively defended [the] case" and "would be prejudiced by further delay.").

*Fourth*, a balancing of the Court's interest in managing its docket and Plaintiff's interest in its chance to be heard weighs in favor of dismissal. This prong is satisfied where the Court affords a plaintiff "ample time to inform the Court that [it] [stands] ready to press [its] claims[.]" *Ruzsa*, 520 F.3d at 177–78. Here, prior to pursuing dismissal, the Court issued an order to show cause granting Plaintiff one additional month to indicate that it stood ready to proceed. More than two months have elapsed since the issuance of the Court's most recent order, yet Plaintiff has failed to contact the Court. In other words, Plaintiff has been given ample time to indicate its readiness to proceed. *See id.* (finding fourth prong satisfied where dismissal was delayed for twenty days).

*Fifth*, given Plaintiff's repeated failures to respond to the Court's orders, no lesser sanctions would be effective. *See, e.g.*, *Horton v. City of New York*, No. 14-CV-04279, 2015 WL 13021411, at *2 (E.D.N.Y. Jan. 9, 2015) ("Plaintiff has made no effort to comply with the Court's orders and prosecute this case, despite warning from this Court that the case would be dismissed. Further warnings are likely to be futile. No lesser sanction would be effective and dismissal at this juncture is the only appropriate course."), *report and recommendation adopted*, No. 14-CV-04279, 2015 WL 13019585, at *1 (E.D.N.Y. Feb. 2, 2015), *aff'd*, 636 F. App'x 822, 824 (2d Cir. 2016). Indeed, in light of the substantial period that has lapsed since Plaintiff has taken any action in the case, the Court is hard pressed to see how any other sanction might move Plaintiff to act.

In addition to the factors explained above weighing in favor of dismissal, dismissal is additionally warranted for Plaintiff's attorney failing to file an appearance.  It is well established that a corporation cannot proceed pro se because an artificial entity can only act through agents.  *See, e.g.*, *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir.1967) (per curiam).  Accordingly, by failing to obtain counsel, a corporation may face dismissal for failure to prosecute.  *See, e.g.*, *United States ex rel. Reliable Const. PM, Inc. v. Land Frog, Inc.*, No. 13-CV-07351, 2015 WL 740034, at *3 (E.D.N.Y. Feb. 20, 2015) (dismissing case for failure to prosecute where a corporate plaintiff failed to obtain counsel despite having six months to do so).  Plaintiff's counsel has failed to file an appearance in this matter in the seventeen months this case has been pending, despite two court orders directing counsel to do so.  Dismissal is additionally warranted on this basis.

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice.  The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's last known address.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York      /s/ LDH_____
       September 19, 2022      LaSHANN DeARCY HALL
                                               United States District Judge

6